UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DELON SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | )    3:24-cv-03110-CRL |
| v. | ) |
| | ) |
| LATOYA HUGHES, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at Western Illinois Correctional Center, asserts claims for violations of the United States Constitution based on occurrences during his imprisonment at Western.

### I.   PROCEDURAL POSTURE AND PRELIMINARY MATTERS

Plaintiff's initial complaint was dismissed for failure to state a claim. (Doc. 12). Plaintiff's timely Motion for Leave to Amend (Doc. 13) is granted, and the Court will assess the merit of Plaintiff's claims below.

Plaintiff's Motion for Miscellaneous Relief (Doc. 17) is granted in part and denied in part. Plaintiff requests free copies of his original and amended complaints, reconsideration of the Court's denial of his motion to request counsel, and a transfer to Dixon Correctional Center.

The Clerk is to send Plaintiff a copy of the Amended Complaint upon docketing. For any additional copies of other documents, Plaintiff must write to the Clerk's office, identify the pleading he wants copies of, and request the cost. The Clerk will provide him

that information. He must then send payment to the clerk, specifying the document he wants printed, and the Clerk will send him the requested copies. The Court declines to reconsider the denial of Plaintiff's earlier motion for pro bono counsel as there is no basis to do so.

Plaintiff's request that the Court order him transferred to Dixon Correctional Center is denied because it is not developed or factually supported. Prison administrators have broad authority regarding the day-to-day operations of the prison system, and Plaintiff has not advanced any basis for this Court to order him transferred to a different prison. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012); 18 U.S.C. § 3626(a)(2).

## II.   ALLEGATIONS

The case is before the Court for a merit review of Plaintiff's Amended Complaint. The Court must "screen" Plaintiff's complaint and identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff sues IDOC Director Latoya Hughes, Warden Brittany Greene, Assistant Warden Tara Goins, Correctional Officer/Sergeant Ms. Zimmerman, Correctional Officer Mr. Mangold, Nurse Ms. J. Patton, Mental Health Practitioner Ms. B. Little, Psychiatrist

Kathryn Adams, and Wexford Health Sources, Inc. Wexford holds the contract to provide medical care at Western. Plaintiff seeks compensatory damages and punitive damages, and a transfer to Dixon Correctional Center.

On June 8, 2023, Plaintiff entered #2 Housing Unit coming from a daily routine scheduled visit at the Health Care Unit. Defendants Zimmerman and Mangold were in the foyer. After Plaintiff checked in with the house tower, he was stopped by Zimmerman, who asked what was bulging from Plaintiff's pocket. Plaintiff said it was medication and showed it to Zimmerman. Zimmerman asked Plaintiff why he was on controlled medication and Plaintiff told her he suffered a prior gunshot wound to his penis. Zimmerman then told Plaintiff to stretch out his arms and spread his legs. During the search that ensued, Zimmerman was repeatedly "stroking" Plaintiff's penis and scrotum, through his pants, and wedged his underwear and pants into his buttocks so tightly that Plaintiff's skin was broken. After this search, Zimmerman asked Plaintiff, "did you like it?"

Plaintiff said he wanted to file a PREA report on Zimmerman, and Mangold told Plaintiff to lock up or he would be sent to restrictive housing. Plaintiff went to his assigned cell and noticed blood in his underwear. He pressed a security button in his cell several times but did not receive a response.

During the 3-11 shift, apparently that same day, Plaintiff gave Defendant Nurse Patton a sealed envelope reporting the incident with Zimmerman. He also said that he was sexually abused by Zimmerman causing blood in his underwear and requested help. Patton denied Plaintiff emergency services. Plaintiff did not receive medical attention for

about 40 days. Plaintiff does not allege taking any additional steps to receive medical care or to make a PREA report.

Plaintiff alleges Defendant Zimmerman has a history of sexually abusing inmates at Western Illinois Correctional Center. Defendant Greene (the Warden) and Goins (Assistant Warden) failed to act on information that Zimmerman was sexually abusing inmates, which plausibly resulted in Plaintiff being searched in a sexually abusive manner. Plaintiff tried taking 20mg of Prozac for depression but had a bad reaction. As he prepared his complaint, Plaintiff hallucinated and "can't get the sight of bloody underwear out of his mind."

### III.    ANALYSIS

Plaintiff states an Eighth Amendment claim against Defendant Zimmerman based on the alleged sexualized and injurious search. *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003); *May v. Trancoso*, 412 F. App'x 899, 903 (7th Cir. 2011).

Plaintiff's allegations against Defendant Mangold do not state a claim. Plaintiff's allegations do not give rise to a plausible inference that Mangold was positioned to 1) know the full nature of Zimmerman's search, and 2) reasonably intervene, such that he was required by the Constitution to take some immediate action during the search. *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017); *see also Wilborn v. Ealey*, 881 F.3d 998, 1007 (7th Cir. 2018). Mangold's order for Plaintiff to lock up or face discipline also does not state a claim – there was no risk of harm to Plaintiff by requiring him to lock up, and there is no private cause of action based on dissatisfaction with the handling of a PREA

report. *See Closson v. Kohlhepp*, No. 21-cv-772, 2021 WL 3363139, at *2 (S.D. Ind. Aug. 3, 2021).

Plaintiff's allegations against Defendant Nurse Patton do not state a claim. He does not plausibly allege that Patton was aware of, and consciously disregarded, a serious risk of physical harm. Plaintiff alleges he gave Patton a sealed envelope regarding his allegations against Zimmerman shortly after the search occurred, while Patton was passing out medications. Plaintiff said that there was blood in his underwear and alleges that she did not ensure he received emergency care. Deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Here, Plaintiff does not allege he suffered a serious risk of physical injury or that he was further harmed by Patton not immediately interrupting her assigned med pass duties to ensure he received emergency care.

Plaintiff's allegations against Defendant Wexford Health Sources Inc., do not state a claim. Wexford is potentially suable under a theory of municipal liability. *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well). However, "for a *Monell* claim to survive … a plaintiff must plead facts that plausibly suggest": 1) deprivation of a constitutional right, 2) the deprivation

can be traced to some municipal action (i.e., 'a policy or custom'), such that the challenged conduct is properly attributable to the municipality itself, 3) the policy or custom demonstrates municipal fault, *i.e.*, deliberate indifference, and 4) the municipal action was the moving force behind the federal-rights violation. *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 522 (7th Cir. 2023) (citation omitted). All requirements "must be scrupulously applied to avoid a claim for municipal liability backsliding into an impermissible claim for vicarious liability" under the respondent superior doctrine. *Bohanon v. City of Indianapolis*, 46 F.4th 669, 676 (7th Cir. 2022) (citation omitted). Plaintiff has failed to allege a claim against Wexford. There is no plausible inference from Plaintiff's allegations that a policy or practice of Wexford are to blame for any issues Plaintiff experienced.

Plaintiff does not plausibly allege any claims against Mental Health Practitioner Ms. B. Little and Psychiatrist Kathryn Adams. The only allegations possibly related to these Defendants are that he tried Prozac and had a bad reaction. These allegations do not state any claim.

Plaintiff's allegations against Defendants IDOC Director LaToya Hughes, Warden Brittany Greene, and Assistant Warden Tara Goins, present a close call. To hold a supervisory Defendant liable under § 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). The mere fact that a defendant was a supervisor or director in the chain of command is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 U.S.C.

§1983. *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) (supervisors are not liable for the errors of their subordinates). Instead, "a defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Plaintiff does not allege the personal involvement of LaToya Hughes, IDOC Director. However, Plaintiff does allege that Brittany Greene and Tara Goins both knew that Zimmerman was sexually abusing inmates and essentially turned a blind eye to the abuse. These allegations are enough to state an Eighth Amendment claim at the pleadings stage.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Motion for Leave to Amend [13] is GRANTED. Clerk is to docket the amended complaint.**

2. **Plaintiff's Motion for Various Miscellaneous Relief [17] is GRANTED in part and DENIED in part. It is granted to the extent that the Clerk is to send Plaintiff a full copy of the Amended Complaint, and otherwise denied.**

3. **Upon merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff states Eighth Amendment claims against Zimmerman, Greene, and Goins. Plaintiff does not state a claim against Defendants Latoya Hughes, Mr. Mangold, Nurse Ms. J. Patton, Mental Health Practitioner Ms. B. Little, Psychiatrist Kathryn Adams, and Wexford Health Sources, Inc., who are to be terminated as Defendants by the Clerk. Any other claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

4. **This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant(s) before filing any motions, to give notice to said Defendant and an opportunity to respond to any motions. Motions filed before counsel has filed an appearance on behalf of Defendant**

will be denied as premature. Plaintiff need not submit any evidence to the Court now, unless otherwise directed by the Court.

5. The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has 60 days from the date the waiver is sent to file an answer. If Defendant has not answered or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6. For a named Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address will provide to the clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information will be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. This district uses electronic filing, so, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff. Plaintiff need not mail copies of motions and other papers to defense counsel that Plaintiff has filed with the Clerk. But this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. Plaintiff must mail discovery requests and responses directly to defense counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8. Defense counsel is hereby granted leave to depose Plaintiff and shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require said Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. **The Clerk is directed to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

12. **The Clerk is directed to attempt service on Defendant under the standard procedures.**

Entered this 2nd day of September, 2025.

*s/Colleen R. Lawless*
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE

3:24-cv-03110-CRL   # 20   Filed: 09/02/25   Page 9 of 9